IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| DAVID S. BENNETT, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|               v. | ) | Civil Action No. 05-250A |
| | ) | |
| FAIRFAX COUNTY, VIRGINIA, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees. This is an employment discrimination case where Plaintiff David Bennett prevailed against his employer, Defendant Fairfax County, Virginia, and now seeks equitable relief and attorneys' fees. The issue before the Court is whether Mr. Bennett is entitled to equitable relief, attorneys' fees, and costs under 42 U.S.C. § 2000e-5, where Plaintiff has proven that he has suffered race discrimination at the hands of Defendant. The Court finds that Mr. Bennett is entitled to equitable relief because he has proven that he has suffered unlawful race discrimination, and the relief he seeks will make him whole. Additionally, the Court finds that Plaintiff is entitled to reasonable attorneys' fees and costs from Defendant.

## I. Background

David Bennett, a white male employee, alleged that county administrators discriminated against him when an African American employee was promoted over him for a vacancy for which he applied. At trial, Mr. Bennett established to the satisfaction of a jury that race was a factor in his non-selection for the promotion he sought. The jury awarded Mr. Bennett substantial damages and the Court will award equitable relief and back pay. Plaintiff now petitions the Court to award equitable relief and reasonable attorneys' fees.

## II. DISCUSSION

### A. Standard of Review

42 U.S.C.§ 2000e-5(g)(1) provides that "[i]f the court finds that the respondent has intentionally engaged in . . . an unlawful employment practice . . . the court may enjoin the respondent from engaging in such unlawful employment practice, and order such affirmative action as may be appropriate." 42 U.S.C. § 2000e-5 (2005). The Court may fashion various means of equitable relief such as: reinstatement, front pay, back pay, injunctive or any other equitable means the court deems appropriate. *Id.*

The remedial purpose of the statute is to make aggrieved parties whole. *Albermarle Paper Co. v. Moody*, 422 U.S. 405, 419 (1975). In acknowledging the purpose of the statute, the Supreme Court stated: "(t)he provisions of this subsection are intended to give the courts wide discretion exercising their equitable powers to fashion the most complete relief possible . . . the scope of relief . . . is intended to make the victims of unlawful discrimination whole." *Id*. at 421 (citing 118 Cong. Rec. 7168 (1972)).

Back pay and other equitable remedies have two main purposes: (1) to provide compensation for the tangible economic loss suffered to victims of discrimination, and (2) deterrence against future discrimination. *United States v. N. L. Industries, Inc.*, 479 F.2d 354, 379 (8th Cir. 1973) (citing *Robinson v. Lorillard Corp.*, 444 F.2d 791 (4th Cir. 1971)). While not mandatory, it is within a court's discretion to grant or deny back pay, because there is a presumption in favor of back pay after a finding of liability. The *Albermarle* court stated:

> It follows that, given a finding of unlawful discrimination, back pay should be denied only for reasons which, if applied generally, wouldn't frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination.

*Albermarle Paper Co.*, 422 U.S. at 421. The Court's findings will stand unless it is "clearly erroneous" in its factual findings, unless the court abused its traditional discretion to locate "a just result" in light of the circumstances peculiar to the case. *Id.* at 424 *(*citing *Langnes v. Green*, 282 U.S. 531, 541 (1931))*.*

Like back pay, front pay and injunctive relief are equitable remedies aimed at making the putative victim of discrimination whole again by reinstating them in the position that they would have been in, but for the discrimination suffered. Front pay is a "monetary award for lost compensation during the period between judgment and reinstatement or in lieu of reinstatement." *Pollard v. E. I. du Pont de Nemours & Co.*, 532 U.S. 843, 846 (2001). Regarding injunctive relief, the Court may enjoin Defendant from further "engaging in such unlawful employment practice." 42 U.S.C. § 2000e-5 (g)(1) (2005). Moreover, the Court has "the authority and should exercise the power to grant injunctive relief even after apparent discontinuance of unlawful practices." *United States v. Gregory*, 871 F.2d 1239, 1246 (4th Cir. 1989), *cert. denied*, 493 U.S. 1020 (1990).

It is axiomatic in American Jurisprudence that parties are made to bear the costs of their attorney's fees. *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). This practice, known informally as the "American Rule" stands in contrast to its English counterpart, where successful litigants

4

are awarded the costs of their attorneys' fees by the losing party. *Id.* Under the "American Rule," unless expressly authorized by statute, prevailing parties are not awarded attorneys' fees. *Id*. However, 42 U.S.C. § 2000e-5(k) permits the awarding of attorneys' fees, providing that "in any action or proceeding under this title, the court, in its discretion, may allow the prevailing party . . . a reasonable Attorneys' fee as a part of the costs."  42 U.S.C. § 2000e-5 (2005).

**B.  Analysis**

1.  Plaintiff is entitled to equitable relief

The Court grants Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees as it pertains to Plaintiff's equitable relief claim, because Plaintiff has proven to the Court that he is a victim of discrimination and the express purpose of 42 U.S.C. § 2000e is to eradicate such conduct and make victims whole again. The statute grants judges discretion to fashion equitable relief to prevailing parties in employment discrimination suits, providing that the court is guided by sound legal principles in its administration of relief. *Albermarle Paper Co.*, 422 U.S. at 416-17. The Court should only deny relief for reasons that would not "frustrate the central statutory purposes of eradicating discrimination throughout the economy and making persons whole for injuries suffered through past discrimination . . . ." *Id.* Furthermore, the Court has a

"duty to render a decree which will so far as possible eliminate the discriminatory effects of the past as well as bar like discrimination in the future." *Id.* at 418.

Here, the plaintiff has received a favorable verdict on his discrimination suit. Plaintiff seeks: (1) retroactive promotion to the S-24 pay grade as of January 31, 2004 including a ten (10) percent pay increase over his S-21 pay grade; (2) a court ordered change of Plaintiff's anniversary date to correlate with the retroactive promotion from July 9 to January 31; (3) a court ordered change of plaintiff's annual pay increase to January 31, 2005; (4) an increase of Plaintiff's raise from 3.9 percent to 5.5 percent, a figure that represents the raise Plaintiff received while in the Department of Housing and Community Development; (5) to enjoin Defendant from further discrimination or retaliation, because Plaintiff is still employed by defendant; and (6) $4,994.80 in back pay from Defendant (plus interest thereon) and $3,140.68 worth of leave time that Plaintiff has spent in litigation.

### i. Retroactive promotion to S-24 pay grade

The Court grants Plaintiff's requests for retroactive promotion to the S-24 pay grade as of January 31, 2004, and ten percent pay raise over Plaintiff's S-21 pay grade. As previously mentioned, there is a presumption toward awarding equitable relief to victims of discrimination in order to make them whole

6

again. *Albermarle Paper Co.*, 422 U.S. at 421. Here the Court finds that but for the discrimination at the hands of by Defendant in their hiring practices, Mr. Bennett would have been promoted to the S-24 rank in January, 2004. Accordingly, The Court grants Plaintiff's requests for retroactive promotion to the S-24 pay grade as of January 31, 2004, and ten percent pay raise over Plaintiff's S-21 pay grade.

### ii. Change anniversary date

The Court grants Plaintiff's request for change of anniversary date to correlate with the above stated retroactive promotion. There is a presumption toward awarding equitable relief to victims of discrimination in order to make them whole again. *Albermarle Paper Co.*, 422 U.S. at 421. The Court finds that Mr. Bennett's January 31 anniversary date was negatively impacted by Defendant's discrimination. To make Plaintiff whole, the Court will nullify the deleterious effects of Defendant's discrimination on Mr. Bennett by changing his anniversary date back to January 31 from July 9. Accordingly, the Court grants Plaintiff's request for change of anniversary date to correlate with the retroactive promotion.

### iii. Change of pay increase to January 31, 2005

The Court grants Plaintiff's request for a change of his annual pay increase to January 31, 2005. There is a presumption toward awarding equitable relief to victims of discrimination in order to make them whole again. *Albermarle Paper Co.*, 422 U.S. at 421. The Court finds that Plaintiff's pay increases have been negatively impacted as result of Defendant's discrimination, and a change of date to January 31 for purposes of pay increase will place Mr. Bennet in the position he would have been in, but for the discrimination. Accordingly, the Court grants Plaintiff's request for a change of his annual pay increase to January 31, 2005.

### iv. Increase in pay raise from 3.9 to 5.5 percent

The Court grants Plaintiff's request for his pay raise from 3.9 to 5.5 percent. Again, there is a presumption toward awarding equitable relief to victims of discrimination in order to make them whole again. *Albermarle Paper Co.*, 422 U.S. at 421. Here, the Court finds that but for the discrimination of Defendant, Mr. Bennett's pay raise would have been 5.5 percent, which reflects the pay raise that Plaintiff received while employed in the Department of Housing and Community Development. Accordingly, the Court grants Plaintiff's request for his pay raise from 3.9 to 5.5 percent.

### v. Enjoin Defendant from further discrimination

The Court orders Defendant to refrain from further discrimination against Plaintiff. The Court has "the authority and should exercise the power to grant injunctive relief even after apparent discontinuance of unlawful practices." *Gregory*, 871 F.2d 1239, 1246 (4th Cir. 1989), *cert. denied*, 493 U.S. 1020 (1990). Plaintiff has proven that Defendant has employed discriminatory practices against him, and is therefore entitled to an injunction against further discrimination. Accordingly, the Court orders Defendant to refrain from further discrimination against Plaintiff.

### vi. Back pay and leave time

The Court finds that granting the relief in back pay will provide compensation for the tangible economic loss of Mr. Bennett and serve as a deterrent measure against future discrimination. As previously stated, the primary purposes for granting equitable relief are: (1) to provide compensation for the tangible economic loss suffered by those who are discriminated against, and (2) deterrence against future discrimination. *N. L. Industries*, 479 F.2d at 359 (8th Cir. 1973) (citing *Robinson*, 444 F.2d 791 (4th Cir. 1971).

Here, Plaintiff requests $4,994.80 in back pay and $3,140.68 in leave time, that but for the discrimination suffered, would have been at his disposal.  As Defendant concedes, Mr. Bennett testified that his resulting pay increase would have been approximately five thousand dollars, but argues that this testimony alone is insufficient.  Defendant asserts that since Plaintiff proffered no additional evidence at trial demonstrating economic harm or loss, he should be barred from submitting material demonstrating such harm or loss for the Court's consideration.  Defendant has offered no authority to support this contention other than *Albermarle*, standing for the proposition that the Court should be guided by sound legal principles in exercising its discretion.  Granting the relief in back pay and leave time will provide compensation for the tangible economic loss of Mr. Bennett and serve as a deterrent measure against future discrimination - the two aforementioned purposes for granting equitable relief.  *N. L. Industries*, 479 F.2d at 359 (8th Cir. 1973) (citing *Robinson*, 444 F.2d 791 (4th Cir. 1971).

The Court denies Mr. Bennett's claim for leave time used in connection with this litigation as those are not costs of litigation and leave time spent in pursuit of litigation is not compensable under the statute.  Accordingly, the Court grants Plaintiff's Motion for an Award of Equitable Relief including

Attorneys' Fees as it pertains to Plaintiff's equitable relief claim, because Plaintiff has proven to the Court that he is a victim of discrimination and the express purpose of 42 U.S.C. § 2000e is to eradicate such conduct and make victims whole again.

### 2. Attorneys' Fees

The Court grants Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees as it pertains to Plaintiff's claim seeking attorneys' fees because the Court finds that Plaintiff David Bennett is a prevailing party. Furthermore, the Court finds that Plaintiff has demonstrated the time and labor sought to be awarded in attorneys' fees and costs is reasonable.

### i. Bennett is a Prevailing Plaintiff

This Court finds that the jury verdict materially altered the legal relationship between the parties by "modifying the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992). Thus, Mr. Bennett is a "prevailing plaintiff" under 42 U.S.C. § 2000e-5(k). A party prevails when "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. at 111-12 (1992) (holding that "the prevailing party inquiry does not turn

11

on magnitude of the relief obtained", but rather any judgment in plaintiff's favor modifies defendant's position sufficient to make plaintiff a prevailing party); *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 792 (1989)(holding that "to be considered a prevailing party . . . the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant").

Here, Defendant was found liable of discriminatory employment practices prohibited by 42 U.S.C. § 2000e-5.[1] On December 5, 2005, a jury returned a verdict in favor of the plaintiff and a judgment was entered against the defendant.

This Court finds that the jury verdict materially altered the legal relationship between the parties by "modifying the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Farrar*, 506 U.S. at 113 (1992).  Thus, Mr. Bennett is a "prevailing plaintiff" under 42 U.S.C. § 2000e-5(k).

---

[1] Although *Farrar* and *Tex. State Teachers Ass'n* addressed 42 U.S.C. § 1988, the Supreme Court noted that "the legislative history of § 1988 indicates that Congress intended that the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act . . . (t)he standards set forth...are generally applicable in all cases in which Congress has authorized an award of fees to a prevailing party." *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) (citing S. Rep. No. 94-1011, p. 4 (1976) (internal quotations omitted)).

### ii. Reasonableness Analysis

The Court finds that the requested attorneys' fees and costs are reasonable because the time and labor expended by Plaintiff's counsel in addition to counsel's experience, when considered in light of the reasonableness factors and the lodestar figure determined therefrom is presumptively reasonable. Whether to grant or deny attorneys' fees to the prevailing party is within the purview of the Court when considered in light of the *Johnson* factors. *Barber v. Kimbrell's,* 577 F.2d 216 (4th Cir. 1978) *(*citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (1974)) (the *Johnson* Court enumerated a list of twelve factors to assist in its determination of reasonableness of attorneys' fees which the Fourth Circuit subsequently adopted). The Court has discretion to grant reasonable attorneys' fees to the prevailing party in all but special circumstances. *Albermarle Paper Co.*, 422 U.S. at 415 (1975). In assessing reasonableness, courts analyzes: (1) the time and labor expended; (2) the novelty and difficulty of the question raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability

of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Barber,* 577 F.2d at 226 (4th Cir. 1978). Analysis of the prevailing party's attorneys' fees in light of the *Johnson* factors assists in the determination of a "lodestar" figure which is a presumptively reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 897 (1984); *Pa. v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 728 (1987).

In analyzing plaintiff's request, the Court will examine the following relevant factors: (1) the time and labor expended by Mr. Bennett's Counsel, and (2) the experience, reputation and ability of Mr. Bennett's counsel. Here, Plaintiff's Counsel seeks an award based on 272.1 hours of work (albeit at differing rates). Similarly, Plaintiff's co-counsel seeks an award based on 240.8 hours of work (albeit at differing rates) for her effort. Both parties have cited the Laffey Matrix in the determination of reasonable fees, based on the matrix from the famous case of that same name. *See Laffey v. NW. Airlines*, 746 F.2d 4, 24-25 (D.C. Cir. 1984), *overruled in part on other grounds by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988) (en banc)). While both sides have relied upon the Laffey Matrix, this matrix is not binding on the

Eastern District of Virginia and there are some differences in the fees charged by Virginia lawyers. *See Cooper v. Paychex*, Inc., Civ. Nos. 97-1645, 97-1543, 97-1720, 1998 WL 637274, *13 (4th Cir. 1998) (unpublished) (explaining "a trial court determining what fee to award may take into account a rate schedule like the *Laffey* court did. But it need not do so. [The Fourth Circuit is] skeptical about endorsing a fee schedule, since a district court's discretion is already adequately guided by *Johnson*."). Legal fees tend to be somewhat lower in this division than in the District of Columbia. Additionally, Plaintiff's counsel has reduced its fee request in response to discrepancies illuminated by the Defendant. Plaintiff's victory in this case is demonstrative of Plaintiff counsel's commensurate experience in civil rights litigation. Based on counsel's experience in this area, the subsequent outcome, his reliance on the Laffey matrix and fee reduction in response to the defendant's request, Plaintiff's request for attorneys' fees is reasonable.

Accordingly, the Court finds that the requested attorneys' fees and costs are reasonable because the time and labor expended by Plaintiff's counsel in addition to counsel's experience, when considered in light of the reasonableness analysis and the lodestar figure determined therefrom is presumptively reasonable.

Therefore, the Court grants Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees as it pertains to Plaintiff's claim seeking attorneys' fees because the Court finds that Plaintiff David Bennett is a prevailing party.  Furthermore, the Court finds that Plaintiff has demonstrated the time and labor sought to be awarded in attorneys' fees and costs is reasonable.

### III.   CONCLUSION

The Court grants Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees as it pertains to Plaintiff's equitable relief claim, because Plaintiff has proven to the Court that he is a victim of discrimination and the express purpose of 42 U.S.C. § 2000e is to eradicate such conduct and make victims whole again.  Accordingly, Plaintiff David Bennett is awarded $8,135.48 in equitable relief.

Furthermore, the Court grants Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees as it pertains to Plaintiff's claim seeking attorneys' fees because the Court finds that Plaintiff David Bennett is a prevailing party.  Furthermore, the Court finds that Plaintiff has demonstrated the time and labor sought to be awarded in attorneys' fees and costs is reasonable.  Accordingly, Plaintiff David Bennett is awarded $163,804.50 in Attorneys' fees and costs.  For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion for an Award of Equitable Relief including Attorneys' Fees is GRANTED. It is further

ORDERED that Plaintiff David Bennett's promotion to the S-24 pay grade is made retroactive to January 31, 2004 and provided a ten (10) percent pay raise over his S-21 pay grade. It is further

ORDERED that Plaintiff David Bennett's anniversary date is changed to January 31 from July 9. It is further

ORDERED that Plaintiff David Bennett's annual pay increase is reset to January 31, 2004. It is further

ORDERED that Plaintiff David Bennett's pay increase is changed from 3.9 to 5.5 percent. It is further

ORDERED that Defendant refrain from discriminating further against Plaintiff. It is further

ORDERED that Plaintiff David Bennett is awarded $4,994.80 in back pay (plus interest thereon). It is further

ORDERED that Plaintiff David Bennett's request for leave time DENIED. It is further

ORDERED that Plaintiff David Bennett is awarded $163,804.50 in Attorneys' fees and costs.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this __25___ day of April, 2006.

                                        _____/s/_____
                                        Gerald Bruce Lee
                                        United States District Judge

Alexandria, Virginia
04/25/06